UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| THOMAS EARL TWO BULLS,<br><br>        Petitioner,<br><br>vs.<br><br>BRENT FLUKE, WARDEN; AND MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>        Respondents. | 4:24-CV-04046-KES<br><br><br><br>REPORT & RECOMMENDATION |

## INTRODUCTION

Thomas Earl Two Bulls, representing himself, filed a habeas petition with this court pursuant to 28 U.S.C. § 2254. Docket No. 1. Mr. Two Bulls is confined in prison pursuant to an October 4, 2023, judgment of conviction of a South Dakota state court. Id. at p. 1. This court has screened Mr. Two Bulls' petition as required by Rule 4 of the Rules Governing 2254 Cases and concluded it must be dismissed.

## FACTS

The following facts are taken from Mr. Two Bulls's petition as the court has not yet received or reviewed any state court files. Following a plea of guilty, Mr. Two Bulls states he was sentenced October 4, 2023, for the crime of aggravated assault and being an habitual offender. Docket No. 1 at p. 1. He

was sentenced to seven years' incarceration with credit for 333 days served prior to his sentencing. Id He did not file a direct appeal of that conviction. Id. He did file a state habeas petition this same month (March 2024), which remains pending. Id. He files his federal habeas petition because the state court has not taken any action yet on his just-filed state petition.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 cases requires a judge to "promptly examine" a new petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing Section 2254 Cases. This court concludes that Mr. Two Bulls's petition must be dismissed.

Mr. Two Bulls's claims are unexhausted. A state prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254 is required to first present his claims for relief before the state circuit court and then he is required to appeal to the South Dakota Supreme Court. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Mr. Two Bulls states that he did not file a direct appeal. See Docket No. 1 at p. 1 He indicates that he has filed a habeas petition in state court, but he only just filed the state habeas petition this month. Id. Mr. Two Bulls indicates that his state habeas petition is still unresolved. Id. Mr. Two Bulls has not exhausted his claims in state court because he has not obtained a decision from the state circuit court and the South Dakota Supreme Court as to his habeas claims.

## CONCLUSION

This magistrate judge respectfully recommends that Mr. Two Bulls' federal petition be dismissed *without* prejudice until such time as he exhausts his habeas claims in state court first. After presenting his claims to the state circuit court and to the South Dakota Supreme Court, Mr. Two Bulls will then be in a position to refile his § 2254 petition with this court.

## NOTICE OF RIGHT TO APPEAL

Mr. Two Bulls has fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 12th day of March, 2024.

BY THE COURT:

*Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge

3