UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| THOMAS EARL TWO BULLS,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT FLUKE, WARDEN; MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA; AND ALEX REYES, ACTING WARDEN;<br><br>Defendants. | 4:24-CV-04046-ECS<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, Thomas Earl Two Bulls, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. This Court referred the petition to Magistrate Judge Veronica L. Duffy for a report and recommendation. Judge Duffy recommended dismissing Two Bulls's petition for failing to exhaust his state court remedies. Doc. 5. Two Bulls objected to the Report and Recommendation. Doc. 10. For the reasons below, this Court overrules Two Bulls's objections, adopts Judge Duffy's Report and Recommendation, and dismisses the petition for writ of habeas corpus without prejudice.

I.  **Factual and Procedural Background**

These facts are taken from the record in the above captioned case as well as the record in Mr. Two Bulls's pending state habeas proceeding. See Case No. 49CIV24-000998. In May 2023, a Minnehaha County Grand Jury indicted Two Bulls on one count of "Aggravated Assault-Bodily Injury with Indifference to Human Life" and one count of "Aggravated Assault-Serious Bodily

Injury." Doc. 1-1. Sometime later, a "Part II Habitual Criminal Offender Information was filed." Id. In September 2023, Two Bulls pleaded guilty to "Aggravated Assault-Serious Bodily Injury" and admitted to the "Part II Habitual Criminal Offender Information." Id. On October 4, 2024, Two Bulls was sentenced to seven years' imprisonment with 333 days credited for time served. Id. Two Bulls did not file a direct appeal to the Supreme Court of South Dakota, see Application for Writ of Habeas Corpus, Case No. 49CIV24-000998, at 5, and the time to file such an appeal has now passed.

On March 8, 2024, Two Bulls filed in South Dakota's Second Judicial Circuit an "Application for Writ of Habeas Corpus." See Case No. 49CIV24-000998. The next week the court appointed the Minnehaha County Public Defender's Office to represent Two Bulls in his state habeas proceeding. Id. Two Bulls's state proceeding remains pending before the Second Judicial Circuit. See id.

Also in March 2024, Two Bulls filed his "Petition for Writ of Habeas Corpus By a Person in State Custody" with this Court. Doc. 1. This Court referred Two Bulls's petition to Magistrate Judge Duffy for a report and recommendation. In her report, Judge Duffy recommended dismissing Two Bulls's petition for failing to exhaust his claims in state court before seeking federal habeas relief. Doc. 5. Two Bulls filed objections to the Report and Recommendation.[1] Doc. 10.

---

[1] From this Court's review, it appears Two Bulls's objections to the Report and Recommendation may have been untimely. The Report and Recommendation was electronically filed and mailed to Two Bulls on March 12, 2024. Doc. 5 ( see docket text: "sent to Mr. Two Bulls"). Two Bulls had 14 days after service to file objections. Two Bulls signed his objections on April 23, 2024, and mailed them on April 25, 2024. Doc. 10 at 22–23. Even if this Court views the timeline in the light most favorable to petitioner and accounts for the prison mailbox rule, Two Bulls likely exceeded the 14 days allowed to file timely objections. Assuming Two Bulls gave his objections to prison staff for mailing on April 23, 2024, for his objections to have been timely filed, he would have had to have been served no earlier than April 9, 2024, twenty-seven days after the clerk's

2

## II. Standard of Review

A district court reviews a report and recommendation under the standards provided in 28 U.S.C. § 636(b)(1), which states, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district] judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

## III. Discussion

Under Rule 4 of the Rules Governing Section 2244 Cases, "the judge must dismiss [a] petition" "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See also 28 U.S.C. § 2243. Under AEDPA, a state prisoner must exhaust available state court remedies before seeking a federal writ of habeas corpus. See 28 U.S.C. § 2254 (b)(1)–(A) ("An applicant for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears [] the applicant has exhausted the remedies available in the courts of the State."). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the state, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

---

office mailed Two Bulls the Report and Recommendation. Although this Court notes the possible untimeliness of Two Bulls's objection, it proceeds to review de novo the Report and Recommendation and the underlying record.

3

process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner must first have his claims adjudicated by a state court).

Here, Two Bulls did not exhaust his state remedies. Doc. 1 at 2. He did not file a direct appeal to the Supreme Court of South Dakota, and his state habeas petition, which he filed the week before his federal habeas petition, is still pending before South Dakota's Second Judicial Circuit Court. See Case No. 49CIV24-000998. If the Second Judicial Circuit denies Two Bulls's petition, he still can request a certificate of probable cause from either the circuit judge or a justice on the Supreme Court of South Dakota and then possibly seek review from the Supreme Court of South Dakota.[2] Thus, this Court can confidently conclude that Two Bulls is not entitled to relief under 28 U.S.C. § 2254 because he has not exhausted his state remedies. Once Two Bulls has given the state courts and its appellate review process "one full opportunity to resolve," O'Sullivan, 526 U.S. at 845, the claims set forth in his federal petition, he may refile his petition in federal court.

Two Bulls filed several objections to the Report and Recommendation. First, he argues the Report and Recommendation failed to apply the "total exhaustion rule" from Rose v. Lundy, 455 U.S. 509, 522 (1982). In Rose, the Supreme Court of the United States held "that a district

---

[2] SDCL § 21-27-18.1 provides in relevant part:
    A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists. A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered. The issuance or refusal to issue a certificate of probable cause is not appealable. However, a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal.

4

court must dismiss habeas petitions containing both unexhausted and exhausted claims." 455 U.S. at 522. The Court in Rose dealt solely with the issue of mixed petitions—petitions containing both claims exhausted at the state court level and claims that were not exhausted at the state level. Id. Two Bulls's petition is not mixed. As stated above, Two Bulls did not file a direct appeal, and his first petition for state habeas relief remains pending before the Second Judicial Circuit. Thus, Rose's total exhaustion rule does not apply to Two Bulls's circumstances. His petition contains no exhausted claims and must therefore be dismissed.

Two Bulls argues that dismissing his petition rather than staying the petition and holding it in abeyance will prejudice him under AEDPA's one-year statute of limitations. See Doc. 10 at 4–14. The practice of stay and abeyance is inapplicable to Two Bulls's case. First, "the stay and abeyance procedure the Supreme Court recognized in Rhines [v. Weber, 544 U.S. 269, 271 (2005),] applies to 'mixed' petitions." Carter v. South Dakota, 23-CV-04037, 2023 WL 7530775, at *2 (D.S.D. Nov. 13, 2023); Banks v. Johnson, 07CV746, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (stating that stay and abeyance procedure is inapplicable when petitioner "failed to exhaust state court remedies for *all* of his claims"). As discussed above, Two Bulls's petition does not contain a mix of exhausted and unexhausted claims.[3] Second, Two Bulls's one-year limitations period is likely already being tolled. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[3] In his objections, Two Bulls argues that exceptional and extraordinary circumstances favor staying his federal habeas proceedings and holding them in abeyance until he exhausts his claims in state court. Doc. 10 at 6–14. Because Two Bulls's petition is not eligible for stay and abeyance procedure, this Court need not address his argument for exceptional and extraordinary circumstances at this time. Similarly, this Court need not address Two Bulls's equitable tolling argument. As of now, Two Bulls's AEDPA limitations period has not lapsed and is likely being tolled by his state habeas proceeding. Because Two Bulls has time to exhaust his state remedies and refile his federal habeas petition, if he acts diligently that is, any discussion of equitable tolling at this stage is premature.

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). If Two Bulls properly filed his state application for a writ of habeas corpus, the time that his state proceeding remains pending does not count toward his statute of limitations under AEDPA. Accordingly, so long as Two Bulls diligently proceeds through the state post-conviction process, he should be able to refile his petition with this Court before the AEDPA statute of limitations period has run.

Lastly, Two Bulls objects to the Report and Recommendation not addressing the merits of his petition. Doc. 10 at 2. Two Bulls asserts that an analysis on the merits is a necessary procedural prerequisite to obtaining a certificate of appealability, which he seeks to appeal the dismissal of his petition. Under Rule 11(a) of the rules Governing Section 2254 Cases, a "court must issue or deny a certificate of appealability 'when it enters a final order adverse to the [petitioner].'" Truss v. Illinois, 15-cv-00259, 2015 U.S. Dist. LEXIS 39369, at * 8 (S.D. Ill. March 27, 2015) (quoting Rule 11(a)). That said, "a dismissal without prejudice for failure to exhaust is not an appealable final order unless the petitioner would be timebarred or otherwise precluded from returning to federal court after exhausting his state court remedies." Id. (citing Dolis v. Chambers, 454 F.3d 721, 723–24 (7th Cir. 2006)). Moreover, "a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). Because neither the Report and Recommendation or this Order constitute a final appealable order, Two Bulls's objection to the lack of analysis on the merits of his petition is overruled.

**IV. Conclusion**

For the reasons stated above, it is hereby

ORDERED that Petitioner Thomas Earl Two Bulls's objections to the Report and Recommendation, Doc. 10, are overruled, and the Report and Recommendation, Doc. 5, is adopted. It is further

ORDERED that Petitioner Thomas Earl Two Bulls's Petition for Writ of Habeas Corpus, Doc. 1, is dismissed without prejudice.

DATED this 16 day of July, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE